UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOSEPH NEILL,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION ET AL.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:20-cv-01288-AJB-MSB<br><br>**ORDER:**<br><br>**(1) DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND, (Doc. No. 1); AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION, (Doc. No. 4); AND**<br><br>**(3) DENYING AS MOOT PLAINTIFF'S IFP MOTION, (Doc. No. 2.)** |

　　　　The Court reviews pro se Plaintiff William Joseph Neill's ("Plaintiff") Complaint under 28 U.S.C. § 1915(e), as required when a plaintiff files a motion to proceed in forma pauperis ("IFP"). (Doc. Nos. 1–2.) Under this mandatory screening, the Court finds Plaintiff's Complaint does not state a plausible claim for relief. Thus, the Court **DENIES AS MOOT** Plaintiff's IFP motion, (Doc. No. 2), **DENIES** Plaintiff's motion for preliminary injunction, (Doc. No. 4), and **DISMISSES** Plaintiff's Complaint **WITH LEAVE TO AMEND**. (Doc. No. 1).

1

## I. SCREENING UNDER 28 U.S.C. § 1915(e)

### A. Legal Standard

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts[.]" *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotations omitted).

However, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded by statute on other grounds. Thus, the Supreme Court states federal courts should liberally

construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

### B.     Background

Plaintiff files this action against the U.S. Customs and Border Protection ("CBP") and Fines, Penalties, and Forfeitures Officer Marcia A. Gomez, requesting an injunction for the return of his 2001 Chevy Blazer ("Vehicle") in addition to all documents contained in the case file bearing Case No. 2019 2504 0019 3601. (Doc. No. 1 at 2, 4.)

On July 29 2019 at approximately 2:00 AM, Plaintiff attempted to cross his Vehicle at the San Ysidro Port of Entry. (Doc. No. 1 at 5.) Upon this attempt, Plaintiff was sent to secondary inspection where X-ray imaging revealed a spare tire filled with drugs under Plaintiff's car. (*Id.*) Plaintiff states at the time, he did not have a spare tire, and that this drug-filled tire was mounted in place without his knowledge. (*Id.*) Plaintiff appears to have been detained and arrested, and was interviewed at the San Ysidro Port of Entry. (Doc. No. 4 at 3.) Plaintiff says he was then "transported to downtown San Diego county jail." (*Id.*) Some days later, Plaintiff alleges he was taken to Chula Vista Superior Court, and the charges against Plaintiff were dropped without Plaintiff ever entering the courtroom. (*Id.*) After the notice of the dropped charges, Plaintiff states he was released from jail the next day. (*Id.*)

Now that Plaintiff's charges have been dropped, Plaintiff seeks the return of his Vehicle that he alleges is in CBP's possession. (Doc. No. 4.) Also, Plaintiff seeks "all papers, X-ray images, photographs, official assay, DNA, and fingerprints found on the drug tire." (Doc. No. 4 at 4.) Plaintiff states he filed two Freedom of Information Act ("FOIA") requests regarding this information, with the first returned by Homeland Security, and the second returned by CBP revealing no information found. (*Id.*) Furthermore, Plaintiff seeks information regarding "the source of, and control of, and procedure to be removed from" a purported list that requires Plaintiff always submit to secondary inspection, (*id.*) and "a full and complete legible copy of all screen shots normally displayed and observed in secondary inspection." (*Id.* at 5.)

### C. Discussion

#### 1. Plaintiff's Request for Return of the Vehicle

Plaintiff requests the return of the Vehicle allegedly in the possession of CBP because the case against him in state court in Chula Vista was dismissed. However, Plaintiff has failed to provide a violation of federal law that would allow the Court to grant the relief Plaintiff is seeking. Here, notably missing from the Complaint are any allegations of the procedures that were taken in attempt to get his Vehicle back, allegations that CBP has refused to return the Vehicle, or any allegations of forfeiture proceedings instituted by the government. Instead, Plaintiff states he is entitled to his Vehicle now that his state court case has been dismissed. However, this bare allegation is insufficient to state a claim in federal court. Therefore, Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff may amend his Complaint to address the foregoing deficiencies, particularly to provide more information addressing what underlying law Defendants are violating. *See e.g.*, *Calhoun v. City of Hercules Police Dep't*, No. 14-CV-01684-VC, 2014 WL 4966030, at *3 (N.D. Cal. Oct. 3, 2014), aff'd, 675 F. App'x 656 (9th Cir. 2017) ("Calhoun alleges that the Hercules Police Department has refused to return his confiscated firearm, despite the fact that he followed all the procedures laid out in California Penal Code § 33850 et seq. and has a court order directing the Police Department to return it. However, Calhoun has not alleged any corresponding violation of state or federal law.").

#### 2. Plaintiff's Request for Documents

Next, Plaintiff seeks various documents from CBP relating to his incident at San Ysidro Port of Entry. Again, like Plaintiff's request for the return of his Vehicle, Plaintiff does not provide a violation of federal law sufficient to state a viable claim for relief. Even liberally construing Plaintiff's request as a FOIA claim, Plaintiff has failed to demonstrate he is entitled to relief.

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the

governors accountable to the governed." *NLRB v. Robbins Tire & Co.*, 437 U.S. 214, 242 (1978). When a person requests a record from a federal agency and the agency withholds the record, the person may bring suit in district court to enjoin the agency from withholding the record and to order the production of any records improperly withheld. 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989). Although the mandate of FOIA calls for broad disclosure of government records, the Act represents a careful balance between "public rights and agency obligations." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). As such, FOIA provides that any person has a right of access to federal agency records, except to the extent that such records (or portions thereof) are protected from disclosure by one of nine exemptions or by one of three special law enforcement exclusions. *See* 5 U.S.C. § 552. To successfully assert a FOIA claim, the plaintiff must show "that an agency has: (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Id.* A district court's authority to implement judicial remedies and order the production of improperly withheld documents can only be invoked if the agency has violated all three requirements. *See id.*

Here, Plaintiff seeks (1) "all papers, X-ray images, photographs, official assay, DNA, and fingerprints found on the drug tire," (Doc. No. 4 at 4), (2) information regarding "the source of, and control of, and procedure to be removed from" a purported list that requires Plaintiff always submit to secondary inspection, (*id.*) and (3) "a full and complete legible copy of all screen shots normally displayed and observed in secondary inspection." Plaintiff states he filed two Freedom of Information Act Requests, with the first returned by Homeland Security, and the second sent to CBP revealed no information found. (Doc. No. 4 at 4.) Based on these allegations, Plaintiff has not alleged a plausible FOIA claim. In particular, the Complaint does not show that any agency has improperly withheld information from Plaintiff. The Complaint shows that Plaintiff has submitted two FOIA requests with the first request "returned" by Homeland Security. But there is a lack of detail as to what was returned and if it amounted to a withholding of information. Additionally,

Plaintiff states the second FOIA request sent to CBP revealed no information was found. However, these allegations do not establish that CBP withheld any information from Plaintiff. With these deficiencies, Plaintiff has not stated a viable FOIA claim. Based on the foregoing, Plaintiff's FOIA claim is also **DISMISSED** with **LEAVE TO AMEND**.

### 3. Plaintiff's Motion for Preliminary Injunction

As for Plaintiff's request for an injunction, "[b]ecause the Court has dismissed Plaintiff's complaint for failure to state a claim, the Court denies his request for a preliminary injunction on the ground that it is moot." *Acedo v. Abalos*, No. 15-CV-2532-H-BLM, 2016 WL 9687055, at *6 (S.D. Cal. Jan. 6, 2016).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff also moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. Civ. L.R. 3.2.a.

However, even if a plaintiff meets the income requirement, the Ninth Circuit indicates that leave to proceed in forma pauperis pursuant to 28 U.S.C. section 1915(a) is properly granted only when plaintiff has demonstrated poverty ***and*** presented a claim that is not factually or legally frivolous. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (emphasis added).

For the reasons set forth above Plaintiff's Complaint does not properly state a claim, thus the Court **DENIES** Plaintiff's IFP motion **AS MOOT**.

## III. CONCLUSION

In light of the foregoing, the Court **DENIES AS MOOT** Plaintiff's IFP motion,

(Doc. No. 2) and **DISMISSES** Plaintiff's Complaint. (Doc. No. 1). "The court should give leave [to amend] freely when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality,'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981), and "[t]his policy is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir.1987). A such, the Court provides Plaintiff **LEAVE TO AMEND** to address the deficiencies stated herein. Should Plaintiff wish, he may file an Amended Complaint and renewed IFP motion by **September 3, 2020**.

**IT IS SO ORDERED.**

Dated: August 7, 2020

Hon. Anthony J. Battaglia
United States District Judge